UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD SATISH EMRIT, <br> NICOLE ROCIO LEAL-MENDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH *et al*, <br><br> Defendants. | Civil Action No. 14-2083 (BAH) |

### MEMORANDUM OPINION

The plaintiffs, Ronald Satish Emrit and Nicole Rocio Leal-Mendez, are two residents of Las Vegas, Nevada.  They have brought suit *pro se* against the National Institutes of Health (NIH), the Centers for Disease Control (CDC), the U.S. Food and Drug Administration (FDA), and the U.S. Department of Health and Human Services (HHS) for alleged violations of the Constitution, the Americans with Disabilities Act of 1990 (ADA), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983.[1]  In addition, the plaintiffs assert common law claims of negligence and intentional infliction of emotional distress ("IIED").  *See* Compl. ¶¶ 1-3, ECF No. 1.  The complaint stems from the plaintiffs' alleged attempts to obtain a diagnosis and treatment for Leal-Mendez's "mysterious, parasitic infection."  Compl. ¶ 19.  The plaintiffs seek $45 million in money damages and an order compelling the defendants to treat Leal-Mendez with specific "pharmaceutical drugs."  Compl. at ECF pp. 15-17.

---

[1]   Emrit "claims to be the guardian or guardian ad litem representing" Leal-Mendez.  Compl. ¶ 4.  Emrit has supplied no documentation of a guardianship, and this Court denied his request to be appointed Leal-Mendez's guardian.  *See* July 15, 2015 Order, ECF No. 26.  Consequently, Emrit "may plead and conduct" his case only.  28 U.S.C. § 1654.

The defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the bases that the plaintiffs (1) failed to exhaust their administrative remedies prior to filing this lawsuit, and (2) have stated no claims upon which relief can be granted. For the reasons explained below, the Court finds that it lacks subject matter jurisdiction. Consequently, it will grant the defendants' motion to dismiss, albeit for a different reason. *See* Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss an action "at any time" that subject matter jurisdiction is found wanting).

## I. BACKGROUND

The plaintiffs' allegations are as follows. For three years leading up to the filing of this action in December 2014, Leal-Mendez "tried to get assistance from the NIH, CDC, and even Walter Reed Hospital with regards to assisting her with diagnosing and treating her mysterious, parasitic infection," which she "believes" is the result of having contracted "a sexually-transmitted parasite from a criminal recidivist[.]" Compl. ¶¶ 19-20. As a result of the infection, Leal-Mendez suffers from pain and experiences blood and mucous secretions that she claims are not caused by her other various medical conditions. Allegedly, Leal-Mendez was seen by her primary care physician in or near Providence, Rhode Island, diagnosed with "polycystic ovaries," and prescribed medicine "to deal with and/or cope with [her] pain[.]" *Id*. ¶¶ 22, 24-25. Leal-Mendez "would like to be treated with . . . pharmaceutical drugs . . . used to treat mite-like parasites which can burrow under the skin/epidermis (like scabies)." *Id*. ¶ 26.

The plaintiffs' claims are captioned in the complaint as follows: Count One: Negligence; Count Two: IIED; Count Three: ADA Violation; Count Four: Title VII Violation; Count Five: Violation of 42 U.S.C. § 1983; Count Six: Violation of the Equal Protection Clause; Count Seven:

Violation of the Due Process Clause; Count Eight: Violation of the Privileges and Immunities Clause.

## II. DISCUSSION

Prior to reaching the merits of a claim, federal courts must "assure themselves of jurisdiction[.]" *Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014) (quoting *Floyd v. District of Columbia*, 129 F.3d 152, 155 (D.C. Cir. 1997) (internal alteration and quotation marks omitted)). *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (instructing that a court has an affirmative obligation "to consider whether the constitutional and statutory authority exist for [it] to hear each dispute") (citation and internal quotation marks omitted)).

A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). In addition, the "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

The plaintiffs' tenuous allegations against the named defendants satisfy the foregoing standard. Consequently, the Court may dismiss the entire complaint on the sole ground that it is frivolous.[2] Nevertheless, as explained below, the Court finds certain claims foreclosed also under the doctrines of sovereign immunity and standing.

---

[2] The Court agrees with the defendants' unopposed arguments that the plaintiffs' constitutional claims (Counts Six, Seven and Eight) are baseless. *See* Defs.' Mem. of P. & A. at 10-12. In addition, § 1983 (Count Five) is wholly inapplicable to the federal agencies sued here

**A. Sovereign Immunity**

Sovereign immunity bars lawsuits for money damages against the United States and its agencies absent a specific waiver by the federal government. *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011) (citing *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984)). Section 1346(b) of the United States Code "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (citation, internal quotation marks, and alteration omitted). Congress has not waived the United States' immunity with respect to tort claims arising under the Constitution. *Id*. at 476-78. In addition, claims against the United States not sounding in tort and seeking damages exceeding $10,000 are the exclusive province of the U.S. Court of Federal Claims. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, provides a limited waiver of sovereign immunity where a plaintiff seeks monetary damages against a federal agency for certain common law torts committed by federal employees. *Wilson*, 770 F. Supp. 2d at 191 (citing *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006)). The waiver does not occur, however, until the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency" and obtaining a final written decision or waiting six months after presentment. 28 U.S.C. § 2675(a). Such exhaustion "is a requirement of the FTCA," *Wilson*, 770 F. Supp. 2d at 191 (citation omitted), that the Court of Appeals has deemed to be jurisdictional. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir.

---

because that statute creates a private right of action against a "person" who is alleged to have violated one's constitutional rights while acting "under color of . . . any State or Territory or the District of Columbia." *Id*.

4

2007) (concluding that the "district court . . . lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it" over an unexhausted FTCA claim); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of an unexhausted FTCA claim "for lack of subject matter jurisdiction"); *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 92 (D.D.C. 2012) ("FTCA claims may be dismissed for lack of subject matter jurisdiction where the plaintiff does not exhaust necessary administrative remedies under the FTCA, which is a mandatory prerequisite.") (citations omitted).

The plaintiffs have not refuted, and thus have conceded, that they did not exhaust their administrative remedies under the FTCA prior to filing suit.  *See generally* Pls.' Opp'n, ECF No. 25.  Hence, the Court lacks jurisdiction over the plaintiffs' negligence and IIED claims (Counts One and Two).

**B. Standing to Sue**

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual cases or controversies between proper litigants.' "  *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996)).  To establish standing to sue generally, plaintiffs " 'must have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.' "  *Id*. (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, --- U.S. ---, 134 S.Ct. 1377, 1386 (2014) (other citation omitted)).  In addressing standing under Title VII, which the plaintiffs have invoked, the Supreme Court has held "that the term 'aggrieved' in Title VII incorporates [a zone of interest] test, enabling suit by any plaintiff with an interest 'arguably [sought] to be protected by the

statute,' . . . while excluding plaintiffs who might technically be injured in an Article III sense

but whose interests are unrelated to the statutory prohibitions in Title VII." *Thompson v. N.*

*Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (quoting *National Credit Union Admin. v. First Nat.*

*Bank & Trust Co.*, 522 U.S. 479, 495 (1998)).

Title VII proscribes discrimination against federal employees or applicants for federal

employment on the bases of race, color, religion, gender, or national origin.  *See* 42 U.S.C. §

2000e-16(c); *Black Employ's of Library of Congr. v. Billington*, 737 F. 3d 767, 772 (D.C. Cir. 2013)

("The statute at issue here, Title VII, gives injured employees a right to sue.").  Similarly, as

applicable here, the Rehabilitation Act of 1973 implicitly proscribes discrimination against

federal employees or applicants for federal employment on the basis of disability.[3]  *See Redd v.*

*Summers*, 232 F.3d 933, 936 (D.C. Cir. 2000) (noting that "although [§ 501 of the Rehabilitation

Act] does not explicitly either prohibit federal government disability discrimination in

employment, or authorize prohibitory regulations, it is understood to support the Equal

Opportunity Employment Commission's adoption of regulations that do so") (citing 29 U.S.C. §

791; 29 C.F.R. § 1614.203(b)); *Koch v. Holder*, 930 F. Supp. 2d 14, 17 (D.D.C. 2013)  ("Title VII,

the ADEA, and the Rehabilitation Act cover only employees in a direct employment relationship

---

[3]   The plaintiffs have invoked the ADA, which does not apply to the federal government.  *See* 42 U.S.C. § 12111(2), (5)(B)(i) (excluding United States as an "employer" subject to the Act). Consistent with the requirement to construe pleadings "so as to do justice," Fed. R. Civ. P. 8(e), the Court has considered the plaintiffs' ADA claim under the analogous Rehabilitation Act.  The Rehabilitation Act has two components—Section 501 and Section 504.  Section 504 "addresses federal disability discrimination in . . . the administration of a federal program or activity," *Redd v. Summers*, 232 F.3d 933, 936 (D.C. Cir. 2000) (citing 29 U.S.C. § 794(a)), the definition of which does not include the United States or its agencies.  *See id.*, § 794(b).  Hence, the Court has considered the plaintiffs' disability discrimination claim only under § 501.

with the employer and applicants for employment.") (citations and internal quotation marks omitted)).

The plaintiffs have not alleged facts stating or implying that they are current or former federal employees or federal job applicants. Moreover, they have not opposed, and thus have conceded, the defendants' argument to the contrary. *See* Defs.' Mem. of P. & A. at 9, ECF No. 18. Furthermore, the allegations in the complaint fail to establish how Leal-Mendez's alleged injuries are "fairly traceable" to the NIH, CDC, FDA or HHS. Even if a link is established, neither Title VII nor the Rehabilitation Act is the proper vehicle for redressing Leal-Mendez's claims. Consequently, the Court finds that the plaintiffs lack standing to sue under Title VII (Count Four) or under the Rehabilitation Act (Count Three as construed). *See Khaksari v. Chairman, Broad. Bd. of Governors*, 451 Fed. App'x. 1, 4 (D.C. Cir. 2011) (affirming the district court's "legal conclusion [that plaintiff] is not an 'employee' and therefore lacks standing to complain either of a hostile work environment or of retaliation" under Title VII) (citations omitted)). And "[t]he defect of standing is a defect in subject matter jurisdiction."[4] *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

---

[4] Since the Court has adequate grounds to dismiss the case in its entirety, it will not address the defendants' valid argument for dismissing Emrit's claims based on his lack of standing to assert a right stemming from Leal-Mendez's alleged injuries. *See* Defs.' Mem. of P. & A. at 4-5; *Powers v. Ohio*, 499 U.S. 400, 411 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). Finally, the defendants suggest that this Court consider imposing filing restrictions on Emrit "due to his nationwide campaign of frivolous *in forma pauperis* litigation." Defs.' Reply at 1, ECF No. 27. But this Court cannot impose a nationwide restriction, and it must look to "the number, content, frequency, and disposition of [Emrit's] previous filings" here to justify a filing restriction in this Court. *Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (citation and internal quotation marks omitted). A search of this Court's dockets has located no other civil action filed by Emrit.

## III.  CONCLUSION

For the foregoing reasons, this action is dismissed for want of subject matter jurisdiction.  A separate final Order accompanies this Memorandum Opinion.


DATE: January 29, 2016

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE